IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:13CR134 |
|     Plaintiff | |
|     v. | **ORDER** |
| Michael G. Wymer, | |
|     Defendant | |

This is a criminal case in which the defendant Michael G. Wymer moves to suppress evidence obtained *via* a GPS unit attached to a tractor. (Doc. 159).

The supporting affidavit stated the target tractor was a 1988 WhiteGMCVolvo, black in color, with a VIN ending in 250 and an Ohio license plate PGQQ9170. The tractor was registered to Roberta and Larry Wymer.

When the agents submitted the affidavit for the GPS warrant, the license plate described above actually was on a 1998 WhiteGMCVolvo tractor, black in color, with a VIN ending in 892. This tractor, with the VIN ending in 892, was the tractor to which they wanted to attach the GPS unit. They did not know the license plate was not on the vehicle to which the plate related.

As a result, relying on information obtained from the Ohio Bureau of Motor Vehicles (BMV), the agents mis-stated the VIN number of the target tractor as that of the 1988 tractor. Their description was, otherwise, accurate – *i.e.*, the target tractor was black, was a WhiteGMCVolvo product, and bore the indicated license plate.

The defendant argues, *inter alia*, that the 1988 tractor (to which the plate belonged) was light blue and was a tandem, rather than, as was the 1998 target vehicle, a sleeper tractor. On that basis,

he contends, the agents should have known that the year, color, and VIN of the tractor, as stated in the affidavit, did not fit the year, color, and VIN of the tractor they had in mind.

At the conclusion of the hearing, I stated that I found no basis for granting the motion to suppress. For purposes of entering a formal ruling on defendant's motion, I set forth my reasons, which I both confirm and expand on in this Order.

Defendant does not suggest that the affiant sought to mislead the Magistrate Judge into issuing a warrant for something other than what they, in fact, wanted. So this is not a *Franks* case.

It is, rather, a misnomer case, similar to the not uncommon instances in which an affiant reasonably and in good faith believes that the premises to be searched, and as to which he or she sets forth adequate probable cause, has a different address than it, in fact, has.

In our circuit, "[a]n error in description does not . . . automatically invalidate a search warrant." *U.S. v. Pelayo–Landero*, 285 F.3d 491, 496 (6th Cir. 2002). What matters is whether: 1) the description, though in part erroneous, enables the executing officer to locate and identify the premises with reasonable effort; and 2) there is any reasonable probability that another premises might be mistakenly searched. *U.S. v. Durk*, 149 F.3d 464, 465 (6th Cir. 1998); *U.S. v. Gahagan*, 865 F.2d 1490, 1497 (6th Cir. 1989) (deeming this a two-part test).

To be sure, the facts here differ from the more typical mis-identification of the address where the affidavit's and warrant's physical description – kind of structure, color, and other unique details – are accurate. Here, "the address" – the license plate – was correct, as was the color and make of vehicle. The year differed from that associated with the plate, as did the color (the 1988 vehicle was light blue) and VIN.

That being said, the principle remains the same: the agents knew the travels of which tractor they wanted to monitor: the black one bearing the designated license plate. Nothing in the affidavit or warrant left them in any doubt about the truck on which they were going to place the GPS unit. As in the mistaken address cases, the mistake did not confuse the agents as to the target of their search.

There was, moreover, no possibility, much less a "reasonable probability," that the agents would attach the GPS unit to the wrong truck.

I conclude, accordingly, that no violation of the defendant's constitutional rights occurred when, due to his unlawful use of a license plate belonging on a different tractor, the agents were misled as a result of information obtained from the BMV, as to the year and VIN of the target truck.

They knew which truck's movements they wanted to monitor. Though in part inaccurate, as noted, due to the defendant's duplicity, the affidavit fully sufficed to ensure that the target truck, and none other, would have the unit attached. Their mistake did not mislead either the Magistrate Judge or them in any way whatsoever.

It is, accordingly,

ORDERED THAT defendant's motion to suppress (Doc. 159) be, and the same hereby is overruled.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge