**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,  Case No. 3:13CR134

    Plaintiff

v.  **ORDER**

Michael G. Wymer,

    Defendant

This is a criminal case in which the government has charged the defendant and several codefendants with participation in a conspiracy to steal interstate tractor-trailer shipments and their cargos. Pending is the defendant Michael G. Wymer's motion to suppress data generated and information learned following attachment, pursuant to a warrant from the Wood County, Ohio, Court of Common Pleas, of a global positioning satellite (GPS) unit on his car. (Docs. 226, 255).

For the reasons that follow, I overrule the motion.

**Background**

Following receipt of an anonymous tip on August 13, 2012, and subsequent investigation, Ohio State Highway Patrol Trooper William Bowman presented an affidavit in support of attaching

a GPS unit on the defendant's 2012 VW Passat. The gravamen of defendant's motion to suppress is that Trooper Bowman's affidavit failed to establish probable cause to attach the unit.

I disagree.

The affidavit (Doc. 255-1) states:

- Trooper Bowman identified the subject vehicle by make, model, color, VIN, license plate number, and that it was registered to the defendant (¶¶ 2, 7);

- The anonymous tipster told Trooper Bowman that the defendant is currently operating the *Vehicle* and is engaging in auto-theft-related crimes. (¶ 10)

- In the early morning hours of September 23, 2012, a white Trim Trailer with Ohio license plate TPF7661 was stolen in Williams County, Ohio (¶ 4);

- Via a pole camera located at 632 Sterling, Toledo, Ohio, Trooper Bowman observed the stolen trailer at that location (¶ 4);

- The pole camera has taped the defendant at that location on several occasions (¶ 4);

- Several persons were observed (via the camera) unloading all purpose vehicles from the trailer and putting them in a building at 642 Sterling (¶ 4);

- On September 24, 2012, the owner confirmed in a phone call with Trooper Bowman that the trailer had contained $192,000 worth of all purpose vehicles (¶ 5);

- Ohio BMV records confirm that the defendant "currently uses 645 Segur . . . as his mailing address" (¶ 8)

- On September 29, 2012, a Williams County, Ohio, Deputy Sheriff found the trailer in Lenawee County, Michigan (¶ 6);

- The defendant is present "at all hours of the day and night, at 632 Sterling (¶ 8);

- Information [from an unspecified source] has been received that the defendant sleeps in an RV inside a building at 632 Sterling (¶ 8);

- The RV in question has been seen [how seen is not indicated] at the Sterling location (¶ 8);

- Video surveillance confirms the defendant is staying at that location;

- The defendant has "an extensive criminal history for auto-theft-related offenses," including grand theft, receiving stolen property, engaging in corrupt activity, VIN tampering and vehicle theft, "among others" (¶ 9);

- The defendant will be using the vehicle to commit theft, attempt, complicity and engaging in a pattern of corrupt activity (¶ 11);

- Use of a GPS unit will help law enforcement identify places and persons involved in the alleged criminal activity, and to minimize the possibility that the defendant will learn of the investigation (¶ 12);

- Officers have learned that the defendant will be taking the vehicle for servicing at a local auto dealer on Friday, October 5, 2012; the dealer has agreed to install the GPS unit (¶ 13).

This affidavit established probable cause to believe that the defendant was engaging in, and likely would engage in the enumerated crimes. This is so, despite the defendant's effort to deconstruct what the affidavit says.

Read in its totality, rather than simply parsing each allegation on its own, the sum of what the affidavit stated added up to probable cause. Within hours of being stolen, the trailer and its contents were at premises firmly connected to the defendant. The involvement of several individuals in the offloading and storage of the trailer's contents into a building on those premises indicates, along with the anonymous tip and defendant's prior criminal record, that this was not a "one-off" incident, and that others like it would follow.

The defendant's motion emphasizes his view that the affidavit fails to establish probable cause that the defendant will be using the vehicle to commit the alleged crimes.

I disagree, as his use in conjunction with likely similar thefts in the future is a fair inference for the issuing judge to have drawn. Mobility is essential to truck hijacking. Unless complicit, drivers of interstate shipments are not themselves going to be taking their loads to places where thieves can offload them. The thieves and those involved with them – as the affidavit shows the defendant was – need to go where the truck and trailers are.

This means driving there. The information in the affidavit enabled the judge to find probable cause that the defendant would be using the car to further his crimes.[1]

Finally, even if the affidavit failed to show probable cause, the government is entitled to the good-faith exception to overcome the defendant's effort to suppress the evidence from the GPS unit's installation and monitoring of its transmissions. This is exactly the kind of case the Supreme Court envisioned in *U.S. v. Leon*, 468 U.S. 897, 922 (1984), when it held suppression was not justifiable where exclusion would not have a deterrent effect because the officers' reliance on the defective warrant was "objectively reasonable."

Here, neither the officers nor the prosecutor to whom they presented their affidavit had experience with GPS warrants. The Supreme Court had only recently decided *U.S. v. Jones*, 565 U.S. ––––, ––––, 132 S.Ct. 945, 955 (2012). The prosecutor sought advice from others: he did not simply accept the Trooper's affidavit as presented.

The Troopers, in light of these circumstances, and the manifest desire of everyone involved to get it right, were fully justified in believing that the warrant was lawful. The Troopers simply "would not have known that the search was illegal despite the magistrate's authorization." *Id*. at 922 n. 23.

None of *Leon's* four exceptions to the good faith doctrine exist here: the Troopers did not mislead the issuing judge with false information; the judge did not 'wholly abandoned his judicial role;" the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable:" and the warrant was not itself in any way facially deficient. *Id*.

---

[1] Even if the affidavit failed to show probable cause of use of the vehicle for criminal purposes, that does not matter. What matters is that it showed the defendant's involvement in the designated crimes. The officers did not want to know where the car was going: it wanted to know where *the defendant* – while driving his car – was going. It was as to his involvement in the crimes, not the vehicle's use to further those crimes, that the officers wanted to learn *via* the GPS unit.

Thus, even if I could conclude that the affidavit failed to establish probable cause, the good-faith exception justifies overruling the defendant's motion to suppress.[2]

It is, therefore

ORDERED THAT defendant's motion to suppress (Docs. 226, 255) be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[2] The defendant's motion challenged the fact that officers had the GPS unit installed six days after the warrant issued, rather than within the three days specified in the warrant and required under Ohio R. Crim. P. 41(C)(2). In Ohio, a Rule 41 violation requires suppression only when the violation contravenes the Fourth Amendment. *E.g., State v. Wilmoth*, 22 Ohio St.3d 251, 263 (1986). Federal law is the same with regard to violations of Fed. R. Crim. P. 41. *E.g.,U.S. v. Chaar*, 137 F.3d 359, 361–63 (6th Cir. 1998).

From a constitutional perspective, the defendant's argument about delayed execution of the warrant raises an issue of staleness. *See, e.g., U.S. v. McCall*, 740 F.2d 1331, 1336 (4th Cir. 1984), namely when either: 1) the government waited an extended period of time between the information provided and the execution of the warrant; and 2) the information supporting the search warrant was too old to provide "present" probable cause. Here, the only constitutional question arising from installing the GPS unit six days, rather than the requisite three days after the warrant issued is whether, at the time of installation, present probable cause existed for the unit's use. Clearly it did.